

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Mr. Giles:

Opinion No. O-1751
Re: Priority between application
to lease a vacancy filed with
county surveyor at 1:30 o'clock
A.M., September 20, 1939, and
application of good faith
claimant in the General Land
Office at 8:07 o'clock A.M.
September 20, 1939.

You have requested our opinion upon the question
of priority of applications filed under House Bill 9, Acts
46th Legislature. Your letter states the relevant facts
as follows:

"On September 20, 1939, at 8:07 o'clock
A.M. this office received an application from
Jose C. Lopez, to purchase an alleged area of
vacant land in Duval County, as a Good Faith
Claimant. On September 27, 1939, this office
received an application to lease the same area
from J. H. Bute, which application bore the
certificate of the County Surveyor of Duval
County, certifying that the same was filed for
record on the 20th. day of September, 1939, at
1:30 o'clock A.M.

"* * *Since the rights of the Good Faith
Claimant and the Applicant depend on the time
of filing in two widely separated offices ob-
serving different office hours, your opinion
is requested on the following question:"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bascom Giles, Page 2

You then ask the following question:

"Under the terms of House Bill 9, does
an applicant who files in the office of the
County Surveyor at 1:30 o'clock A.M. September
20, 1939, have priority over a Good Faith
Claimant who filed in the General Land Office
at 8:07 o'clock A. M. September 20, 1939?"

Stated in another way, you ask us which of the
above referred to filings shall be considered prior.
Since, under House Bill 9, it is necessary to determine
which filing is prior before the respective rights of
the applicant and the good faith claimant can be deter-
mined in the manner specified by House Bill 9, the
materiality of the question is evident. See for example
Section (f) and Section (h) of House Bill 9, in both of
which sections rights are granted to good faith claimants
contingent upon there having been no prior filing by an
applicant to lease or purchase.

House Bill 9 does not attempt to define or pre-
scribe what shall constitute a "prior filing by an appli-
cant".

We find nothing in House Bill 9 nor in any
other law to indicate that the Legislature with respect
to the situation outlined by you has, or has intended to
make an exception to the well-established rule that
priority in time gives priority in right as between com-
peting applicants even though the extent of such priority
be less than a full calendar day.

In such circumstances we are, therefore, com-
pelled to hold that the applicant, J. H. Bute, having
filed his application to lease six hours and 37 minutes
before the good faith claimant, Jose C. Lopez, filed his

Hon. Bascom Giles, Page 3

application to purchase, must be considered as a prior applicant within the meaning of House Bill 9, and as such, J. H. Bute is entitled to the rights afforded to a prior applicant by the Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert E. Kepke*

Robert E. Kepke
Assistant

REK:bt

APPROVED JAN 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN